UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CORE CENTER II, LLC a/s/o John Doe VI,

    Plaintiff,

v.                                                                                    CASE NO.:

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), files this Notice of Removal containing a short and plain statement of the facts which entitles it to removal as required by 28 U.S.C. §1446, and alleges:

1. On or about April 24, 2019, Plaintiff, Core Center II, LLC ("Plaintiff"), commenced this action in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida, under Case No. CACE-19-008716, styled *Core Center II, LLC a/s/o John Doe VI, vs. Blue Cross and Blue Shield of Florida, Inc*.

2. This Notice of Removal is being filed within thirty (30) days of service on BCBSF of Plaintiff's Complaint on May 22, 2019, and is thus timely removed. 28 U.S.C. §1446(b).

3. Contemporaneously filed herewith as **Exhibit A** is a copy of the "Complaint for Health Insurance Benefits" ("Complaint") filed by Plaintiff in the state court, as well as copies of all process, pleadings, papers and orders, if any, now on file in the state court pursuant to 28 U.S.C. §1446(a).

4.  BCBSF removes this case pursuant to 28 U.S.C. §1441 as an action over which this Court has original federal question jurisdiction under 28 U.S.C. §1331. This case raises federal questions, and thus is removable because the claims at issue are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et. seq. ("ERISA").

5.  In support of this Notice of Removal, BCBSF is contemporaneously filing, as **Exhibit B**, the Affidavit of Juanisha Jones ("Jones Affidavit"), which, along with its Exhibits, is incorporated herein by reference.

6.  This particular case concerns claims for health care provided by Plaintiff to "John Doe VI," who was insured through an ERISA group health benefit plan sponsored by his employer. See Jones Declaration at ¶ 4.

7.  Attached as Exhibit 1 to the Jones Declaration are a true and correct copies of the Plan documents pursuant to which the benefits at issue would be determined for Plaintiff for claims at issue in this litigation.

8.  Plaintiffs' Complaint seeks payment for medical care as an assignee of John Doe VI's benefits provided by the ERISA plan, as indicated in the case style and title of the Complaint itself, as well as an alleged assignment attached to the Complaint as an exhibit. [Compl., ¶¶ 6, 14, 15]. Thus, because coverage is provided by ERISA plans during all pertinent time periods, Plaintiff's claims are preempted by ERISA.

9.  Employer-sponsored or employer-provided health care plans are governed exclusively by ERISA. This federal act "comprehensively regulates employee pension and welfare plans." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 732, 105 S.Ct. 2380, 85 L. Ed. 2d 728 (1985).

10. An "employee welfare benefit plan" is defined at §1002(1) of Title 29 of ERISA as follows:

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer … to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, for the purchase of insurance or otherwise (A) **Medical, Surgical, or Hospital Care or Benefits in the event of sickness, accident, disability, death, or unemployment … .**
>
> (Emphasis supplied).

11. In Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 63-64, 95 L. Ed. 2d 55, 107 S.Ct. 1542, 1546-47 (1987), the Supreme Court held that a defendant may remove a state cause of action to federal court if ERISA completely pre-empts the state claims. Here, Plaintiff's claim for benefits under the ERISA Plan is necessarily and exclusively based on an ERISA benefit plan. As the Eleventh Circuit noted in Garren v. John Hancock Mutual Life Insurance Company, 114 F.3d 186, 187 (11th Cir. 1997), "[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA pre-emption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits."

12. Plaintiff's claims for monetary damages are clearly pre-empted by ERISA. Mullénix v. Aetna Life & Cas. Co., 912 F.2d 1406 (11th Cir. 1990) (finding breach of contract action for failure to pay insurance benefits was pre-empted by ERISA); Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991) (noting that "[i]t is not the label placed on a state law claim that determines whether it is pre-empted, but whether in essence such a claim is for the recovery of an ERISA plan benefit"); HCA Health Srvs. of Georgia, Inc. v. Employer's Health Ins. Co., 22 F. Supp. 2d 1390 (N.D.Ga. 1998), aff'd., 240 F.3d 982 (11th Cir.

2001) (finding provider's claims for quantum meruit, open account, and stated account under Georgia common law pre-empted by ERISA).

13.     ERISA was designed to establish pension and welfare plan regulation "as exclusively a federal concern." Alessi v. Raybestos – Manhattan, Inc., 451 U.S. 504, 523, 101 S. Ct. 1895, 68 L. Ed. 2d 402 (1981).  Congress' intent is evidenced in the statutory provision of ERISA which provides that ERISA shall supersede all state laws that "relate to" any employee benefit plans described in the statute. 29 U.S.C. §1144(a).  The United States Supreme Court has described ERISA's pre-emption clause as "deliberately expansive," noting that Congress "intended to insure that plans … would be subject to a uniform body of benefit law" with the goal of minimizing "the administrative and financial burden of complying with conflicting directives among States." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142, 111 S.Ct. 478, 112 L. Ed. 2d 474 (1990).

14.     The United States Supreme Court reaffirmed ERISA's strong preemptive force in the case of Aetna Health Inc. v. Davila, 124 S.Ct. 2488 (2004).  In Davila, two individuals sued their Health Maintenance Organizations under a Texas medical malpractice statute for payment for benefits not provided under the individuals' health care plans.  The individuals argued that the Texas statute was an independent state law claim unrelated to ERISA.  They further argued that they did not seek reimbursement for benefits denied them but rather tort damages from breach of a statutorily imposed duty of ordinary care. 124 S.Ct. at 2493-94.  The Fifth Circuit Court of Appeals had held that the claims were outside the scope of ERISA's preemptive reach, and thus the cases should be remanded to state court.  The Supreme Court rejected this reasoning, and held that the individuals' causes of action, "brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fell within the scope of, and are completely pre-

empted by, ERISA § 502(a)(1)(B), and thus removable to federal district court." 124 S.Ct. at 2502.

15. In its analysis, the Davila Court held that the preemptive force of ERISA is stronger than only preempting a state law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy." 124 S.Ct. at 2495. ERISA preempts state law claims even if the remedies provided under those state laws are different or more extensive or if the state law claims are not duplicative of ERISA. 124 S.Ct. at 2499.

16. The Davila Court disapproved of the circuit court's reasoning, that the individuals were asserting "tort" claims rather than "breach of contract" claims based on ERISA. 124 S.Ct. 498. "[D]istinguishing between pre-empted and non-preempted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their contract claims as claims for tortious breach of contract.'" 124 S.Ct. 2498. Thus, the Court held that where the suit is brought to rectify a wrongful denial of benefits under an ERISA plan, the "relates to" requirement is satisfied regardless of the label placed on the claim, and therefore ERISA completely preempted the state law claims. 124 S.Ct. 2502.

17. There can be no doubt that a suit to recover benefits from an ERISA governed plan falls directly under 29 U.S.C. § 1132, which provides for an exclusive federal scheme of civil enforcement of ERISA disputes. Ingersoll-Rand Co. v. McClendon, supra; Belasco v. WKP Wilson & Sons, Inc., 833 F.2d 277, 282 (11th Cir. 1987); Amos v. Blue Cross and Blue Shield of Alabama, 868 F.2d 430, 432 (11th Cir. 1989); Brown v. Connecticut Gen. Life Ins. Co., 934 F. 2d 1193, 1195-96 (11th Cir. 1991).

18.     In <u>Brown v. Connecticut General Life Insurance Co.</u>, the Eleventh Circuit discussed the fact that the well-pleaded complaint rule does not apply when there is ERISA "super pre-emption" and stated as follows:

> An exception to this rule is when Congress "so completely pre-empts" a particular area that any civil complaint raising the select group of claims is necessarily federal in character. The effect of this exception is to convert what would ordinarily be a state claim into a claim arising under the laws of the United States. This conversion of what would otherwise be state law claims into federal claims can be labeled "super pre-emption" to distinguish it from ordinary pre-emption, which does not have that effect.
>
> The Supreme Court has determined that ERISA "completely pre-empts" the area of employee benefit plans and thus converts the state law claims into federal claims when the state law is pre-empted by ERISA and also falls within the scope of the civil enforcement section of ERISA, Section 502 (a), 29 U.S.C. §1132 (a).

934 F.2d at 1196 (citations omitted).

19.     In <u>Williams v. Wright</u>, 927 F.2d 1540 (11th Cir. 1991), the Eleventh Circuit held that an ERISA plan "is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." 920 F.2d at 1543 (quoting <u>Donovan v. Dillingham</u>, 688 F.2d 1367 (11th Cir. 1982) (en banc)). <u>See also</u> <u>Randol v. Mid-West Nat'l Life Ins. Co.</u>, 987 F.2d 1547, 1550-51 n. 5) (11th Cir. 1993) ("commercially purchased insurance policy under which the procedures of receiving benefits are all dictated by the insurance carrier can constitute a plan for ERISA purposes").

20.     In this case, the group plan at issue was established by a private employer for the purpose of providing health care expense benefits to its employees. Ultimately, any liability to pay Plaintiff arises solely from the terms and conditions of the ERISA Plan applicable to the claims. Thus, the claims here fall squarely within the ambit of ERISA, and removal of the state action is clearly permitted.

21. As this action is properly removed from State court pursuant to 28 U.S.C. §1441(b) as a civil action over which this Court has original jurisdiction founded on a claim arising under the laws of the United States, it is removable without regard to the citizenship of the parties or the amount in controversy.

22. Venue is proper in the Southern District of Florida, Fort Lauderdale Division, as the County Court in which the action is pending is within its jurisdictional confines. See 29 U.S.C. § 1146(a) and the Local Rules for the Southern District of Florida.

23. Contemporaneously with this Notice of Removal, BCBSF is filing a notice with the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida, pursuant to the requirements of 28 U.S.C. §1446(d).

WHEREFORE, Defendant Blue Cross and Blue Shield of Florida, Inc., respectfully requests that removal of this action to the United States District Court for the Southern District of Florida be hereby effected and that this Court take jurisdiction of this action.

**HOLLAND & KNIGHT LLP**

s/ Jennifer A. Mansfield
Timothy J. Conner
Florida Bar No. 767580
Primary: timothy.conner@hklaw.com
Secondary: lynette.mattison@hklaw.com
Jennifer A. Mansfield
Florida Bar No. 0186724
Primary: jennifer.mansfield@hklaw.com
Secondary: lynette.mattison@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
Telephone:  (904) 353-2000
Facsimile:  (904) 358-1872

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 21, 2019, the foregoing document was filed with the Clerk of the Court using CM/ECF.  I further certify that I emailed the foregoing document to:

Kevin M. Dunn, Esq.
Steven M. Dunn, P.A.
11900 Biscayne Boulevard, Suite 600
Miami, FL  33181
kevin@smdunnlaw.com
*Attorneys for Plaintiff*

                                                      s/ Jennifer A. Mansfield
                                                      Attorney