# Exhibit A





Menu ≡

## Case Detail - Public

🖨 Print

### Core Center II, LLC Plaintiff vs. Blue Cross and Blue Shield of Florida, Inc. Defendant

**Broward County Case Number:** CACE19008818

**State Reporting Number:** 062019CA008818AXXXCE

**Court Type:** Civil

**Case Type:** Contract and Indebtedness

**Incident Date:** N/A

**Filing Date:** 04/24/2019

**Court Location:** Central Courthouse

**Case Status:** Pending

**Magistrate Id / Name:** N/A

**Judge ID / Name:** 13 Robinson, Michael A.



| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|

Party(ies)                                                          Total: 3

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Defendant | **Blue Cross And Blue Shield Of Florida**<br><br>Substitution | | |
| Plaintiff | **Core Center II, LLC**<br><br>*As Subrogee Of*<br>**Doe, John, VI** | | ★ Dunn, Kevin<br>Retained<br>Bar ID: 1011294<br>9740 E Broadview Dr<br>Bay Harbor Islands, FL 33154-1922<br>**Status: Active** |
| Defendant | **Blue Cross and Blue Shield of Florida, Inc.** | | |

## ➖ Disposition(s)                                               Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## ➖ Event(s) & Document(s)                                        Total: 8

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 06/11/2019 | **Summons on Insurance Commissioner Returned Served** | | 📄 | 2 |
| 06/10/2019 | **Amendment to Complaint** | TO CORRECT NAME ONLY Party: *Plaintiff* Core Center II, LLC | 📄 | 5 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 05/07/2019 | **Summons Issued Fee** | Payor: SANDRA DUNN STEVEN M. DUNN P.; Userid: CTS-fg/t ; Receipt: 20191FA1A064591; ;<br><br>Amount: $10.00 | | |
| 05/03/2019 | **eSummons Issuance** | BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC |  | 1 |
| 04/24/2019 | **Civil Cover Sheet** | |  | 2 |
| 04/24/2019 | **Civil Cover Sheet** | |  | 4 |
| 04/24/2019 | **Complaint (eFiled)** | FOR HEALTH INSURANCE BENEFITS Party: *Plaintiff* John Doe VI Core Center II LLC |  | 5 |
| 04/24/2019 | **Filing Fee** | Payor: SANDRA DUNN STEVEN M. DUNN P.; Userid: CTS-fg/t ; Receipt: 20191FA1A057727; ;<br><br>Amount: $401.00 | | |

**–** Hearing(s)                                                                Total: 0

**There is no Disposition information available for this case.**

**–** Related Case(s)                                                           Total: 0

**There is no related case information available for this case.**

^

# Brenda D. Forman

## Clerk of Court

Broward County
17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)　　　›

 (https://www.facebook.com/browardclerkofcourts/)

## Connect with Us

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)　　›

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)　　›

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)　　›

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)　　›

TELL US WHAT YOU THINK (/MISCELLANEOUS/CLERKSURVEYS)　　›

## Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)　　♿

PRINT　　🖶

FREQUENTLY ASKED QUESTIONS
(HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/FREQUENTQUESTIONS/)

GLOSSARY OF TERMS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/GLOSSARY/)　　»

## Main Courthouse Location

### 201 SE 6th Street

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

⌃

PUBLIC RECORDS CUSTODIAN (/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) ›
*PURSUANT TO 119.12(2), F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS (/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) ›
*PURSANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in
response to a public records request, do not send electronic mail to this entity.
Instead, contact this office by phone or in writing.

© 2019 - All rights reserved

*19-000134129*

CHIEF FINANCIAL OFFICER
**JIMMY PATRONIS**
STATE OF FLORIDA

CORE CENTER II, LLC A/S/O JOHN DOE VI

PLAINTIFF(S)

VS.

BLUE CROSS AND BLUE SHIELD OF FLORIDA,
INC.

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, EXHIBIT

| | |
|---|---|
| **CASE #:** | **CACE-19-008818** |
| **COURT:** | **CIRCUIT COURT** |
| **COUNTY:** | **BROWARD** |
| **DFS-SOP #:** | 19-000134129 |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the
State of Florida. Said process was received in my office by MAIL on Thursday, May 16, 2019 and a copy
was forwarded by ELECTRONIC DELIVERY on Wednesday, May 22, 2019 to the designated agent for
the named entity as shown below.

BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC
DEIRDRE M MACCARTHY
4800 DEERWOOD CAMPUS PKWY, DCC 107
JACKSONVILLE, FL 32246

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible
for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court
pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis

Jimmy Patronis
Chief Financial Officer

KEVIN M. DUNN
STEVEN M. DUNN, P.A.
11900 BISCAYNE BOULEVARD, SUITE 600
MIAMI, FL 33181

DR1

Filing # 88964265 E-Filed 05/03/2019 02:14:25 PM

IN THE CIRCUIT COURT OF THE 17ᵗ
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CACE-19-008818

CORE CENTER II, LLC a/s/o John Doe VI,

      Plaintiff,

vs.

S U M M O N S

BLUE CROSS AND BLUE SHIELD OF FLORIDA,
INC.

      Defendant.

_____/

THE STATE OF FLORIDA;
To Each Sheriff of the State:
YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint or
Petition in this action on Defendant BY SERVING:

      BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.
      c/o Florida Chief Financial Officer as RA
      200 East Gaines Street
      Tallahassee, Florida 32399-4201

as statutory agent pursuant to Florida Statutes: 48.181; 48.19; 48.161; 48.081; 48.193 and
related statutes.   Each Defendant is hereby required to serve written defenses to the
Complaint or Petition on Plaintiff's attorney:

whose address is:
      KEVIN M. DUNN, ESQUIRE
      STEVEN M. DUNN, P.A.
      11900 Biscayne Boulevard, Suite 600
      Miami, FL 33181
      Telephone: (305) 868-1400

within 20 days after service of this summons on that Defendant, and to file the original of the
defenses with the Clerk of this Court either before service on Plaintiff's attorney or
immediately thereafter.  If a defendant fails to do so, a default will be entered against that
Defendant for the relief demanded in the Complaint or Petition.

Dated on:_____ MAY 07 2019 _____

      BRENDA D. FORMAN
      As Clerk of the Court

      By:_____
      Deputy
      Clerk

*(left margin, vertical text)* RECEIVED AS STATUTORY REGISTERED AGENT on 16 May, 2019 and served on defendant or named party on 22 May, 2019 by the Florida Department of Financial Services

Filing # 88428701 E-Filed 04/24/2019 08:29:39 AM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: $CACE-19-008818$

CORE CENTER II, LLC a/s/o John Doe VI,

   Plaintiff,

vs.

BLUE CROSS AND BLUE SHIELD OF FLORIDA,

   Defendant.

_____/

## COMPLAINT FOR HEALTH INSURANCE BENEFITS

COMES NOW Plaintiff, CORE CENTER II, LLC a/s/o John Doe VI as more specifically set forth herein (and hereinafter referred to as "Plaintiff") and hereby sues Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, (hereinafter referred to as "Defendant") and states:

1. This is an action for damages in excess of $15,000, the minimum jurisdictional requirement of this Court exclusive of attorney's fees, prejudgment interest and costs.

2. At all times material Defendant maintained offices for the transaction of business in Broward County, Florida, employed agents to sell and service policies of insurance in Broward County, Florida and is otherwise amenable to jurisdiction in Broward County, Florida.

3. At all times material, Defendant acted through its agents and/or apparent agents and/or ostensible agents.

1

4. All conditions precedent to the maintenance of this action have occurred and/or been waived by Defendant.

5. At all times material hereto, Plaintiff, Core Center II is an LLC with its principle place of business in Broward County, Florida.

6. At all times material, John Doe VI (medical insurance policyholder and assignor) gave an assignment of insurance benefits to Plaintiff, copies of which are attached hereto and marked as Exhibit "A".

7. At all times material policyholder is/was residing in Florida and insured under a healthcare insurance Policy with Defendant bearing Policy No. 98801C0301.

8. The Policy of insurance has been requested but Defendant has failed to tender same.

9. At all times material the Policy in question as set forth in the preceding paragraph was in full force and effect and is/was required to conform to Florida Statutes.

10. At all times material, Policyholder began receiving covered services from Core Center II.

11. Plaintiff received authorizations to provide covered services to the policyholder from New directions, a third-party administrator managing health insurance claims on behalf of the Defendant.

12. Subsequent to the commencement of covered services performed by Core Center II, Defendant informed Plaintiff that certain levels of care previously authorized were no longer going to be covered or approved under the policy at issue.

13. To that extent, Defendant informed Plaintiff that said services provided to the

policyholder were "not medically necessary" and therefore defendant would no longer approve and reimburse for said services.

14. Defendant's basis for denial is improper as the services in question continue to be medically necessary and were covered under the policy in question.

15. The denial by the Defendant of the covered services constitutes a breach of the insurance policy in question.

16. Plaintiff has had to retain counsel and is obligated to pay counsel attorney fees and costs in connection with the representation in these matters.

17. The determination by Defendant has caused substantial financial hardship to Plaintiff.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT for all damages allowed by law including attorneys' fees, costs, prejudgment interest and any and all other relief this Court deems necessary and just.   Furthermore, PLAINTIFF demands a trial by jury as a matter of right herein.

DATED this 23rd day of April, 2019.

STEVEN M. DUNN, P.A.
Attorneys for Plaintiff
11900 Biscayne Boulevard, Suite 600
Miami, FL 33181
Telephone:  (305) 868-1400
Facsimile:  (305) 868-1409
E-mail:  kevin@smdunnlaw.com


By: _____
KEVIN M. DUNN
Fla. Bar #1011294

/gf

3

, MR No.: 2018-226

 ♂ 2018-226

Birthdate: 11/27/1973

Allergies: SHELLFISH PROTEIN

Admission: 09/14/2018  Care Team

## The Core Centers LLC

## Assignment of Benefits

I, ████████████ whether signing as subscriber, guardian, guarantor, agent, or as patient, (hereinafter "Signatory"), hereby irrevocably assign and transfer to The Core Centers LLC, and/or any of its affiliated companies, partner companies, subsidiaries, sister-companies, holding companies, divisions, or other forms of related ownership, owned in whole or in part by The Core Centers LLC and/or its majority interest holders (collectively referred to as the "Assignee" or "Core Centers"), its successors, agents and assignees as my beneficiary all rights to any and all insurance benefits which are or may become due to me, together with any and all actions, causes and action, suits, debts, sums or money, accounts, covenants, contracts, promises and interest in, or which I might acquire an interest against The Core Centers LLC("Insurance Carrier"), in accordance with its obligations to me arising under a certain policy of insurance (under which I am either the insured, subscriber or a covered dependent) for hospital, medical, chemical or substance abuse dependency services and other health care services ("Services") rendered by the Assignee.

To be clear, I hereby authorize and request the Insurance Carrier to pay directly to Assignee the amount due to me for any and all claims for Services rendered and appoint Assignee to act as my representative on behalf of any proceeding that may be necessary to seek payment from the Insurance Carrier.

I authorize Assignee all rights to appeal, communicate, obtain any and all files, papers, documents, correspondence, determinations, including, but not limited to, any and all reports, plan documents, medical records, notes on attendance and/or treatment, memoranda, charts, tests, correspondence, billing records, payment ledgers, insurance cards or other health insurance information, appeal determinations and any and all documents whatsoever in the Insurance Carrier, and/or its agents', possession pertaining to the Services rendered by Core Centers,  as well as all other acts which may be helpful and appropriate to the accomplishment of such purposes, for the ultimate objective of Core Centers' payment for Services and shall cooperate as needed with Assignee to obtain any information necessary to complete such purposes.

I authorize Assignee all rights to institute, prosecute and/or defend litigation, arbitration and/or other dispute resolution proceedings against my Insurance Carrier, and/or third party payers, including but not limited to any and all administrative appeals which may be a condition precedent to litigation and/or any other dispute resolution proceedings, and to settle or compromise all claims and/or disputes with my Insurance Carrier, and/or third party payers, for claims related to Services rendered by Assignee. This includes, but is not limited to, acting on my behalf as my authorized representative with respect to a benefit plan governed by the provisions of ERISA as provided in 29 C.F.R. §2560.503-1(b)(4), with respect to any healthcare expenses incurred as a result of the services I received from Assignee.

I have been made aware of my rights under HIPAA, and all other applicable Federal and State regulations pertaining to the release of my health information and private confidential records. With said knowledge, I authorize Assignee to disclose any and all written information to the Insurance Carrier and/or its designated representatives, or other third party, as necessary and as determined by Assignee. Such disclosure shall be for reimbursement purposes for Services provided by Assignee. I have executed an Authorization Relating to Protected Health Information which may be provided if necessary.

██████████, MR No.: 2018-226

I hereby indemnify and hold the Assignee harmless against any and all claims that have arisen or may arise with respect to the subject matter of this Assignment of Benefit. I also release Assignee its parent corporation, affiliates, subsidiaries, divisions, officers, agents, employees and any clinician, from any and all liability that may arise as a result of disclosure of information to the above named Insurance Carrier or its designated representatives or other third parties.

Should the benefits with the Insurance Carrier be "Non-assignable", I acknowledge and agree that any payments made to me directly by the Insurance Carrier for Services rendered are trust funds to be delivered Assignee. I also acknowledge and agree herein that I have no ownership, title or property interest in the insurance check(s) issued for payment of Services provided by Assignee and that I do hereby assign ownership or any related interest(s) in these funds to Assignee.

Moreover, I agree that if I receive any payment(s) for Services rendered by Assignee from the Insurance Carrier directly, upon receipt, I will mail the payment check(s) or draft to Assignee. I further agree to endorse the payment check(s) payable to Assignee. In the alternative, my signature on this document authorizes any officer, director or employee of Assignee to endorse any check(s), draft(s) or other negotiable instrument(s) representing insurance or third party proceeds payable in connection with Services rendered by Assignee.

I understand that should I fail to forward check(s) received and my account may be referred to a credit agency, skip tracing agency, debt collector and/or an attorney for collection, I shall pay reasonable attorneys' fees and costs and all expenses whether or not suit be brought, associated with collection of amounts due and owing.

I understand that the Insurance Carrier may only cover a portion of the total bill. I further understand that I may be responsible for all charges not covered by this Assignment of Benefits as per the terms of and conditions of the Financial Agreement with Assignee. I also understand that this assignment does not release any obligation regarding payment of Patient Responsibility.

I agree to cooperate with Assignee in anyway necessary to ensure that it is paid for the Services rendered. By signing below, I affirm and assert that I have read and understood the terms and conditions of this Assignment of Benefits.

██████████ 9/14/2018 04:25 PM
(Patient) Staff present: jeffrey parker



**Steven M. Dunn**
ATTORNEY AT LAW

May 10, 2019

Department of Financial Services
P.O. Box 6200
Tallahassee, Florida 32314-6200

RE:    Core Center II, LLC a/s/o John Doe VI vs. Blue Cross and Blue Shield of Florida,
       Inc.; Case No.:   CACE 19-008818

To whom it may concern:

    Enclosed please find the following:

1. Our check in the amount of $15.00 payable to the Chief Financial Officer,
   representing the fee for receipt of service of legal process issued against Blue
   Cross and Blue Shield of Florida, Inc.

2. An original and one copy of the Summons against Blue Cross and Blue Shield of
   Florida, Inc.

    Please return a copy of the service with your admission of service to our offices in
the enclosed, addressed, stamped, enveloped for our records.

    Your promptly attention to this matter is greatly appreciated.

Very truly yours,

STEVEN M. DUNN, P.A.

Kevin M. Dunn

KMD:gf
Enclosures



CHIEF FINANCIAL OFFICER
**JIMMY PATRONIS**
STATE OF FLORIDA



*19-000134129*

CORE CENTER II, LLC A/S/O JOHN DOE VI

PLAINTIFF(S)

VS.

BLUE CROSS AND BLUE SHIELD OF FLORIDA,
INC.

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, EXHIBIT

**CASE #:**   **CACE-19-008818**
**COURT:**   **CIRCUIT COURT**
**COUNTY:**  **BROWARD**
**DFS-SOP #: 19-000134129**

RECEIVED

MAY 2 4 REC'D

By_____

## <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the
State of Florida. Said process was received in my office by MAIL on Thursday, May 16, 2019 and a copy
was forwarded by ELECTRONIC DELIVERY on Wednesday, May 22, 2019 to the designated agent for
the named entity as shown below.

     BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC
     DEIRDRE M MACCARTHY
     4800 DEERWOOD CAMPUS PKWY, DCC 107
     JACKSONVILLE, FL 32246

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible
for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court
pursuant to Florida Rules of Civil Procedure, Rule #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

KEVIN M. DUNN
STEVEN M. DUNN, P.A.
11900 BISCAYNE BOULEVARD, SUITE 600
MIAMI, FL 33181

OR1

Filing # 88964265 E-Filed 05/03/2019 02:14:25 PM

IN THE CIRCUIT COURT OF THE 17ᵗ
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CACE-19-008818

CORE CENTER II, LLC a/s/o John Doe VI,

    Plaintiff,

vs.

                          **S U M M O N S**

BLUE CROSS AND BLUE SHIELD OF FLORIDA,
INC.
    Defendant.

_____/

RECEIVED
MAY 2 4 REC'D

THE STATE OF FLORIDA;
To Each Sheriff of the State:
YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint or
Petition in this action on Defendant BY SERVING:

                BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.
                c/o Florida Chief Financial Officer as RA
                200 East Gaines Street
                Tallahassee, Florida 32399-4201

as statutory agent pursuant to Florida Statutes: 48.181; 48.19; 48.161; 48.081; 48.193 and
related statutes.   Each Defendant is hereby required to serve written defenses to the
Complaint or Petition on Plaintiff's attorney:

                KEVIN M. DUNN, ESQUIRE
whose address is:        STEVEN M. DUNN, P.A.
                11900 Biscayne Boulevard, Suite 600
                Miami, FL 33181
                Telephone: (305) 868-1400

within 20 days after service of this summons on that Defendant, and to file the original of the
defenses with the Clerk of this Court either before service on Plaintiff's attorney or
immediately thereafter.   If a defendant fails to do so, a default will be entered against that
Defendant for the relief demanded in the Complaint or Petition.

Dated on:_____     MAY 07 2019

                          **BRENDA D. FORMAN**
                          As Clerk of the Court

                          By:_____
                              Deputy
                              Clerk

☒ IN THE CIRCUIT COURT OF THE _17ᵗʰ_ JUDICIAL CIRCUIT IN AND FOR
☐ IN THE COUNTY COURT IN AND FOR _BROWARD_

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| CORE CENTER II, LLC a/s/o John Doe VI, | BLUE CROSS AND BLUE SHIELD OF FLORIDA, | |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☒ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ **Negligence - Other**
    ☐ 097 - Business Governance
    ☐ 098 - Business Torts
    ☐ 099 - Environmental/Toxin Tort
    ☐ 100 - Third Party Indemnification
    ☐ 101 - Construction Defect
    ☐ 102 - Mass Tort
    ☐ 103 - Negligent Security
    ☐ 104 - Nursing Home Negligence
    ☐ 105 - Premises Liability - Commercial
    ☐ 106 - Premises Liability - Residential
    ☐ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
    ☐ 108 - Commercial Foreclosure $0 - $50,000
    ☐ 109 - Commercial Foreclosure $50,001 - $249,999
    ☐ 110 - Commercial Foreclosure $250,000 - or more
    ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
    ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
    ☐ 113 - Homestead Residential Foreclosure $250,000 or more
    ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
    ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
    ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
    ☐ 117 - Other Real Property Actions $0 - $50,000
    ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
    ☐ 094 - Malpractice - Business
    ☐ 095 - Malpractice - Medical
    ☐ 096 - Malpractice - Other professional
☐ **Other**
    ☐ 120 - Antitrust/Trade Regulation
    ☐ 121 - Business Transactions
    ☐ 122 - Constitutional Challenge - Statute or Ordinance
    ☐ 123 - Constitutional Challenge - Proposed amendment
    ☐ 124 - Corporate Trust
    ☐ 125 - Discrimination - Employment or Other
    ☐ 126 - Insurance Claims
    ☐ 127 - Intellectual Property
    ☐ 128 - Libel/Slander
    ☐ 129 - Shareholder Derivative Action
    ☐ 130 - Securities Litigation
    ☐ 131 - Trade Secrets
    ☐ 132 - Trust Litigation
☐ 133 - **Other Civil Complaint**
    ☐ 009 - Bond Estreature
    ☐ 014 - Replevin
    ☐ 024 - Witness Protection
    ☐ 080 - Declaratory Judgment
    ☐ 081 - Injunctive Relief
    ☐ 082 - Equitable Relief
    ☐ 083 - Construction Lien
    ☐ 084 - Petition for Adversary Preliminary Hearing
    ☐ 085 - Civil Forfeiture
    ☐ 086 - Voluntary Binding Arbitration
    ☐ 087 - Personal Injury Protection (PIP)

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 4/24/2019 8:29:37 AM.****

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

REMEDIES SOUGHT (check all that apply):

☒     monetary;

☐     non-monetary declaratory or injunctive relief;

☐     punitive

NUMBER OF CAUSES OF ACTION: [ 1 ]

(specify) _____

_____

IS THIS CASE A CLASS ACTION LAWSUIT?

☐  Yes

☒  No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☒  No

☐  Yes   If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

IS JURY TRIAL DEMANDED IN COMPLAINT?

☒  Yes

☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____    Florida Bar # ___1011294___
             Attorney or party                                (Bar # if attorney)

Kevin M. Dunn                                      April 23, 2019
(type or print name)                                 Date

CLK/CT 96 Rev. 12/09

### INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I. Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II. Type of Case.** Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" in the category and subcategory boxes. Definitions of the cases are provided below in the order they appear on the form.

(A) Condominium - all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.

(B) Contracts and indebtedness - all contract actions relating to promissory notes and other debts, including those arising from sale of goods, but excluding contract disputes involving condominium associations.

(C) Eminent domain - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.

(D) Auto negligence - all matter arising out of a party's allegedly negligent operation of a motor vehicle.

(E) Negligence-other - all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.

(F) Business governance - all matters relating to the management, administration, or control of a company.

(G) Business torts - all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H) Environmental/Toxic tort - all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.

(I)  Third party indemnification - all matters relating to liability transferred to a third party in a financial relationship.

(J) Construction defect - all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.

(K) Mass tort - all matters relating to a civil action involving numerous plaintiffs against one or more defendants.

(L) Negligent security - all matters involving injury to a person or property allegedly resulting from insufficient security.

(M) Nursing home negligence - all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.

(N) Premises liability-commercial - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.

(O) Premises liability-residential - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.

(P) Products liability - all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.

(Q) Real property/Mortgage foreclosure - all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.

(R) Commercial foreclosure - all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid dept secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(S) Homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(T) Non-homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(U) Other real property actions - all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(V) Professional malpractice - all professional malpractice lawsuits.

(W) Malpractice-business - all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X) Malpractice-medical - all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y) Malpractice-other professional - all matters relating to negligence of those other than medical or business professionals.

(Z) Other - all civil matters not included in other categories.

(AA) Antitrust/Trade regulation - all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB) Business transactions - all matters relating to actions that affect financial or economic interests.

(AC) Constitutional challenge-statute or ordinance - a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD) Constitutional challenge-proposed amendment - a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has directed jurisdiction of such challenges.

(AE) Corporate trust - all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF) Discrimination-employment or other - all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG) Insurance claims - all matters relating to claims filed with an insurance company.

(AH) Intellectual property - all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI) Libel/Slander - all matters relating to written, visual, oral, or aural defamation of character.

(AJ) Shareholder derivative action - all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK) Securities litigation - all matters relating to the financial interest or instruments of a company or corporation.

(AL) Trade secrets - all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM) Trust litigation - all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

---

**III. Remedies Sought.** Place an "X" in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.

**IV. Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.

**V. Class Action.** Place an "X" in the appropriate box.

**VI. Related Cases.** Places an "X" in the appropriate box.

**VII. Is the Jury Trial Demanded In Complaint?** Check the appropriate box to indicate whether a jury trial is being demanded in the complaint.

**VIII. Complex Business Court -** Check the appropriate box to indicate whether or not this case is to be assigned to the Complex Business Court.

**ATTORNEY OR PARTY SIGNATURE.** Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet.

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>CORE CENTER II, LLC a/s/o JOHN DOE VI</u>
 Plaintiff

  vs.

<u>BLUE CROSS AND BLUE SHIELD OF FLORIDA</u>
Defendant

**II.     TYPE OF CASE**

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III.**    **REMEDIES SOUGHT** (check all that apply):
      ☒   Monetary;
      ☐   Non-monetary declaratory or injunctive relief;
      ☐   Punitive

**IV.**    **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

    1

**V.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐   Yes
      ☒   No

**VI.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒   No
      ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒   Yes
      ☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Steven M Dunn Mr.        FL Bar No.:  488534
    Attorney or party                                             (Bar number, if attorney)

    Steven M Dunn Mr.     04/24/2019
    (Type or print name)                                   Date

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CACE-19-008818

CORE CENTER II, LLC a/s/o John Doe VI,

    Plaintiff,

vs.

BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.,

    Defendant.

_____/

## **AMENDED COMPLAINT TO CORRECT NAME ONLY**

COMES NOW Plaintiff, CORE CENTER II, LLC a/s/o John Doe VI as more
specifically set forth herein (and hereinafter referred to as "Plaintiff") and hereby sues
Defendant BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (hereinafter referred
to as "Defendant") and states:

1. This is an action for damages in excess of $15,000, the minimum jurisdictional
requirement of this Court exclusive of attorney's fees, prejudgment interest and costs.

2. At all times material Defendant maintained offices for the transaction of business
in Broward County, Florida, employed agents to sell and service policies of insurance in
Broward County, Florida and is otherwise amenable to jurisdiction in Broward County,
Florida.

3. At all times material, Defendant acted through its agents and/or apparent agents
and/or ostensible agents.

1

4.  All conditions precedent to the maintenance of this action have occurred and/or been waived by Defendant.

5.  At all times material hereto, Plaintiff, Core Center II is an LLC with its principle place of business in Broward County, Florida.

6.  At all times material, John Doe VI (medical insurance policyholder and assignor) gave an assignment of insurance benefits to Plaintiff, copies of which are attached hereto and marked as Exhibit "A".

7.  At all times material policyholder is/was residing in Florida and insured under a healthcare insurance Policy with Defendant bearing Policy No. 98801C0301.

8.   The Policy of insurance has been requested but Defendant has failed to tender same.

9.  At all times material the Policy in question as set forth in the preceding paragraph was in full force and effect and is/was required to conform to Florida Statutes.

10. At all times material, Policyholder began receiving covered services from Core Center II.

11. Plaintiff received authorizations to provide covered services to the policyholder from New directions, a third-party administrator managing health insurance claims on behalf of the Defendant.

12. Subsequent to the commencement of covered services performed by Core Center II, Defendant informed Plaintiff that certain levels of care previously authorized were no longer going to be covered or approved under the policy at issue.

13. To that extent, Defendant informed Plaintiff that said services provided to the

policyholder were "not medically necessary" and therefore defendant would no longer approve and reimburse for said services.

14. Defendant's basis for denial is improper as the services in question continue to be medically necessary and were covered under the policy in question.

15. The denial by the Defendant of the covered services constitutes a breach of the insurance policy in question.

16. Plaintiff has had to retain counsel and is obligated to pay counsel attorney fees and costs in connection with the representation in these matters.

17. The determination by Defendant has caused substantial financial hardship to Plaintiff.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT for all damages allowed by law including attorneys' fees, costs, prejudgment interest and any and all other relief this Court deems necessary and just.   Furthermore, PLAINTIFF demands a trial by jury as a matter of right herein.

DATED this 10th day of June, 2019.

STEVEN M. DUNN, P.A.
Attorneys for Plaintiff
11900 Biscayne Boulevard, Suite 600
Miami, FL 33181
Telephone:  (305) 868-1400
Facsimile:   (305) 868-1409
E-mail:  kevin@smdunnlaw.com

By: *Kevin M. Dunn*
KEVIN M. DUNN
Fla. Bar #1011294

/gf

3

████████████, MR No.: 2018-226

████████████ ♂ 2018-226

Birthdate: 11/27/1973
Allergies: SHELLFISH PROTEIN
Admission: 09/14/2018  Care Team

## The Core Centers LLC
## Assignment of Benefits

I, ████████████ whether signing as subscriber, guardian, guarantor, agent, or as patient, (hereinafter "Signatory"), hereby irrevocably assign and transfer to The Core Centers LLC, and/or any of its affiliated companies, partner companies, subsidiaries, sister-companies, holding companies, divisions, or other forms of related ownership, owned in whole or in part by The Core Centers LLC and/or its majority interest holders (collectively referred to as the "Assignee" or "Core Centers"), its successors, agents and assignees as my beneficiary all rights to any and all insurance benefits which are or may become due to me, together with any and all actions, causes and action, suits, debts, sums or money, accounts, covenants, contracts, promises and interest in, or which I might acquire an interest against The Core Centers LLC("Insurance Carrier"), in accordance with its obligations to me arising under a certain policy of insurance (under which I am either the insured, subscriber or a covered dependent) for hospital, medical, chemical or substance abuse dependency services and other health care services ("Services") rendered by the Assignee.

To be clear, I hereby authorize and request the Insurance Carrier to pay directly to Assignee the amount due to me for any and all claims for Services rendered and appoint Assignee to act as my representative on behalf of any proceeding that may be necessary to seek payment from the Insurance Carrier.

I authorize Assignee all rights to appeal, communicate, obtain any and all files, papers, documents, correspondence, determinations, including, but not limited to, any and all reports, plan documents, medical records, notes on attendance and/or treatment, memoranda, charts, tests, correspondence, billing records, payment ledgers, insurance cards or other health insurance information, appeal determinations and any and all documents whatsoever in the Insurance Carrier, and/or its agents', possession pertaining to the Services rendered by Core Centers,  as well as all other acts which may be helpful and appropriate to the accomplishment of such purposes, for the ultimate objective of Core Centers' payment for Services and shall cooperate as needed with Assignee to obtain any information necessary to complete such purposes.

I authorize Assignee all rights to institute, prosecute and/or defend litigation, arbitration and/or other dispute resolution proceedings against my Insurance Carrier, and/or third party payers, including but not limited to any and all administrative appeals which may be a condition precedent to litigation and/or any other dispute resolution proceedings, and to settle or compromise all claims and/or disputes with my Insurance Carrier, and/or third party payers, for claims related to Services rendered by Assignee. This includes, but is not limited to, acting on my behalf as my authorized representative with respect to a benefit plan governed by the provisions of ERISA as provided in 29 C.F.R. §2560.503-1(b)(4), with respect to any healthcare expenses incurred as a result of the services I received from Assignee.

I have been made aware of my rights under HIPAA, and all other applicable Federal and State regulations pertaining to the release of my health information and private confidential records. With said knowledge, I authorize Assignee to disclose any and all written information to the Insurance Carrier and/or its designated representatives, or other third party, as necessary and as determined by Assignee. Such disclosure shall be for reimbursement purposes for Services provided by Assignee. I have executed an Authorization Relating to Protected Health Information which may be provided if necessary.

EXHIBIT "A"

, MR No.: 2018-228

I hereby indemnify and hold the Assignee harmless against any and all claims that have arisen or may arise with respect to the subject matter of this Assignment of Benefit. I also release Assignee its parent corporation, affiliates, subsidiaries, divisions, officers, agents, employees and any clinician, from any and all liability that may arise as a result of disclosure of information to the above named Insurance Carrier or its designated representatives or other third parties.

Should the benefits with the Insurance Carrier be "Non-assignable", I acknowledge and agree that any payments made to me directly by the Insurance Carrier for Services rendered are trust funds to be delivered Assignee. I also acknowledge and agree herein that I have no ownership, title or property interest in the insurance check(s) issued for payment of Services provided by Assignee and that I do hereby assign ownership or any related interest(s) in these funds to Assignee.

Moreover, I agree that if I receive any payment(s) for Services rendered by Assignee from the Insurance Carrier directly, upon receipt, I will mail the payment check(s) or draft to Assignee. I further agree to endorse the payment check(s) payable to Assignee. In the alternative, my signature on this document authorizes any officer, director or employee of Assignee to endorse any check(s), draft(s) or other negotiable instrument(s) representing insurance or third party proceeds payable in connection with Services rendered by Assignee.

I understand that should I fail to forward check(s) received and my account may be referred to a credit agency, skip tracing agency, debt collector and/or an attorney for collection, I shall pay reasonable attorneys' fees and costs and all expenses whether or not suit be brought, associated with collection of amounts due and owing.

I understand that the Insurance Carrier may only cover a portion of the total bill. I further understand that I may be responsible for all charges not covered by this Assignment of Benefits as per the terms of and conditions of the Financial Agreement with Assignee. I also understand that this assignment does not release any obligation regarding payment of Patient Responsibility.

I agree to cooperate with Assignee in anyway necessary to ensure that it is paid for the Services rendered. By signing below, I affirm and assert that I have read and understood the terms and conditions of this Assignment of Benefits.

9/14/2018 04:26 PM
(Patient) Staff present: jeffrey parker